UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRIST DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 2:22-0185 |
| TERRENCE JAMES BRUGGEMAN | § | |

## MOTION TO STAY THE PROCEEDINGS

COMES NOW the United States of America, by and through Alamdar S. Hamdani, United States Attorney and Lance Watt and John Marck, Assistant U.S. Attorneys in and for the Southern District of Texas, file this Motion to Stay the Proceedings pending the United States Supreme Court's ruling in Garland v. Cargill, _____ U.S. _____, No. 22-976, (November 3, 2023).

### PROCEDURAL HISTORY

On March 4, 2022, the defendant, TERRENCE JAMES BRUGGEMAN, was arrested and charged by criminal complaint with possession of a machinegun. On March 10, 2023, U.S. Magistrate Judge Jason B. Libby, ordered the defendant released on a $20,000 bond with a $1,500 cash deposit.[1] On March 23, 2022, a grand jury returned an indictment charging the defendant with the unlawful possession of a machinegun in violation of Title 18, U.S.C. §§ 922(o) and 924(a)(2). Based on an agreed oral motion, the Court designated the case complex. On June 8, 2022, a grand jury returned a superseding indictment charging the defendant with, Count One: unlawful possession of a machinegun in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2), and Count Two: possession of an unregistered silencer in violation of Title 26, U.S.C.

---

1 The United States Probation Department has not reported any violations to date.

§§ 5841, 5861(d), and 5871. On November 9, 2022, a grand jury returned a second superseding indictment charging the defendant with, Count One: unlawful possession of a machinegun in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2), Count Two and Three: possession of an unregistered silencer in violation of Title 26, U.S.C. §§ 5841, 5861(d), and 5871, and Count Four: possession of a silencer not identified by a serial number in violation of Title 26, U.S.C. §§ 5841, 5861(i), and 5871.[2] On February 10, 2023, defendant filed a Motion to Suppress Evidence. On September 22, 2023, the Court issued an Order granting in part and denying in part the motion. On December 13, 2023, the defendant filed a Motion to Dismiss Count One (D.E. 72). The government's response is due on January 22, 2024.

## ARGUMENT

In his motion, the defendant argues that this Honorable Court should dismiss count one based on Nat'l Ass'n for Gun Rts., Inc. v. Garland, No. 4:23-CV-00830-O, 2023 WL 6613080 (N.D. Tex. Oct. 7, 2023), which relied on statutory interpretation in Cargill v. Garland, 57 F.4th 447 (5th Cir.), cert. granted, 144 S. Ct. 374 (2023). Currently, each case cited has been appealed for further review by a higher court and the uncertainty of those pending opinions, fails to provide clear guidance. Given the significance of the issues and expedited scheduling, the government anticipates timely review. In fact, Garland v. Cargill is currently scheduled for oral arguments before the United States Supreme Court on February 28, 2024. In addition, the decision in Nat'l Ass'n for Gun Rts., Inc. v. Garland has been appealed to the Fifth Circuit (Dkt# 23-11138). In that case, briefing is underway, and the Appellant's Brief was filed on January 16, 2024, with Appellee's Brief due on February 15, 2024.

---

2 Count One, possession of a machinegun, has remaining unchanged in each of the indictments.

The undersigned attorneys for the government have been in communication with the Southern District of Texas Appellant Division, Department of Justice Criminal Appellant Division, Office of the Solicitor General, and Chief Counsel's Office for the Bureau of Alcohol, Tobacco, Firearms, and Explosives. This above request is not made for delay, but so the Court will have the benefit of the United States Supreme Court's Opinion in <u>Garland v. Cargill</u> in determining the legal issues presented in defendant's motion.

RELIEF REQUESTED

The government requests that this Honorable Court stay the current criminal proceedings until the United States Supreme Court issues its Opinion in <u>Garland v. Cargill</u>.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By: _____
Lance Watt
Assistant United States Attorney
Texas Bar # 20437861
SDTX Admission # 606949

JOHN MARCK
Assistant United States Attorney
Federal Bar No. 3679009
NYS Bar No. 5384417